UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELLY ANDERSON                                              CIVIL ACTION

VERSUS                                                         NO. 16-16679

LOGIFLEX, INC., ET AL.                                      SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiff's motion *in limine* to partially exclude the expert report and testimony of Dr. Everett G. Robert.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of a motor vehicle accident in St. Tammany Parish, Louisiana on December 15, 2015.[2] According to the complaint, Plaintiff Kelly Anderson was driving in the right lane of the I-12 highway when her car was struck by a truck driven by Defendant Gabriel Gutierrez.[3] Plaintiff asserts that Gutierrez is at fault for the collision because he entered the right lane without yielding to the vehicles already traveling in that lane.[4] Plaintiff allegedly suffered serious bodily injuries as a result of the accident.[5]

---

[1]  R. Doc. 47.
[2]  R. Doc. 1 at 3 ¶ 9.
[3]  *Id.* at 3 ¶¶ 9-11.
[4]  *Id.* at 3 ¶¶ 11-12.
[5]  *Id.* at 4 ¶ 13.

On November 29, 2016, plaintiff filed suit against defendants Gutierrez, Logiflex, Inc., and American Inter-Fidelity Exchange (AIFE).[6] The complaint asserts that Gutierrez was acting within the course and scope of his employment with Logiflex at the time of the accident.[7] AIFE is the alleged insurer of Gutierrez and Logiflex.[8] This matter is set for a jury trial to begin on June 11, 2018.[9] Plaintiff now moves to partially exclude the independent medical exam report and testimony of defendants' medical expert, Dr. Everett G. Robert.[10]

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness "qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. To be admissible, Rule 702 requires that (1) the testimony be based on sufficient facts or data, (2) the

---

[6] *Id.* at 1.
[7] *Id.* at 4 ¶ 14.
[8] *Id.* at 2 ¶ 5.
[9] R. Doc. 28 at 3.
[10] R. Doc. 47.

testimony be the product of reliable principles and methods, and (3) the witness apply the principles and methods reliably to the facts of the case. *Id.*

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (clarifying that the *Daubert* gatekeeping obligation applies to all forms of expert testimony). The Court's gatekeeping function involves a two-part inquiry. First, the Court must determine whether the expert testimony is reliable. The party offering the testimony has the burden to establish reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The Court must assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 590. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation. *See id.* The Court's inquiry into the reliability of expert testimony is flexible and necessarily fact-specific. *See Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000).

Second, the Court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of

3

fact to understand the evidence. *See Daubert* at 591. This is primarily an inquiry into the relevance of the expert testimony. *See id; see also Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Expert testimony is unnecessary if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

## III. DISCUSSION

Dr. Robert is a board-certified neurosurgeon.[11] On March 14, 2018, he conducted an independent medical examination of plaintiff.[12] Dr. Robert also reviewed plaintiff's medical records, including x-ray and MRI images of her spine.[13] In his report, Dr. Robert notes that the cervical spine MRI image is of poor quality, and that he is "unable to visualize the neural foramen on the standard T2 imaging."[14] Dr. Robert further states that "[i]t is difficult to tell from suboptimal imaging whether or not any of this pathology causes any neuroforaminal stenosis. However, it certainly does not cause any spinal

---

11    R. Doc. 51-1 at 1.
12    R. Doc. 47-4 at 1.
13    *Id.* at 3.
14    *Id.*

4

canal stenosis. Additionally, there are no acute findings on the cervical spine MRI to suggest that there has been any recent trauma."[15]

Plaintiff does not challenge Dr. Robert's qualifications. She instead seeks to exclude his opinion related to neuroforaminal stenosis as unreliable because it is based on an MRI image of insufficient quality.[16] But defendants represent that the image at issue is an MRI that plaintiff's treating physicians requested and relied on over the course of plaintiff's treatment.[17] In general, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility, and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Lefore County, Mississippi*, 80 F.3d 1074, 1077 (5th Cir. 1996). That Dr. Robert acknowledges the shortcomings of the MRI image and limits his conclusions accordingly does not render his opinion unreliable and inadmissible. To the extent that plaintiff questions the reliability of Dr. Robert's opinion in light of suboptimal imaging, she may raise those issues on cross-examination.

Plaintiff further argues that Dr. Robert's testimony should be excluded under Federal Rule of Evidence 403 because his opinion on neuroforaminal

---

[15] *Id.* at 3-4.
[16] R. Doc. 47-2 at 2-4, 6.
[17] R. Doc. 51 at 1-2.

stenosis is ambiguous and its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.[18] But plaintiff does not identify any specific unfair prejudice beyond her unsubstantiated assertion that Dr. Robert's opinions are based on a partisan and defense-biased review of the records.[19] Plaintiff put her physical condition in controversy by asserting that her injuries were caused by the December 15, 2015 collision. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964); *see also* Fed. R. Civ. P. 35(a). Defendants are entitled to present evidence from their independent medical examination to contest plaintiff's assertions regarding her injuries. Further, plaintiff has made no showing that Dr. Robert's testimony is likely to confuse the issues or mislead the jury. Accordingly, plaintiff's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion *in limine* is DENIED.

New Orleans, Louisiana, this __15th__ day of May, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. 47-2 at 4.
[19] *Id.* at 1.